The opinion of the Court was delivered by
Dargan, Ch.
The bill in this case was filed for the distribution of the real estate of Ann Fortune, whose distributees are the parties to the suit. The land sought to be divided had unquestionably been the inheritance or real estate of the said Ann Fortune. But she and her husband, 'William Fortune, had united in the execution of a deed of conveyance of the same land to Robert McCreary, who was the son of the said Ann by a former marriage. The conveyance was formal, and complete, according to the forms prescribed by law for the conveyance of the inheritance or real estate of married women, with the exception, that the seal of the magistrate was not affixed to his certificate of the renunciation of the inheritance. The certificate was, in every other respect, formal and sufficient. The Chancellor who heard the cause held, that the want of the seal to the magistrate’s certificate of the renunciation, vitiated the conveyance, and rendered it void and inoperative. He accordingly considered the land in *35 question as tbe real estate of Ann Fortune, as to wbicb sbe died intestate, and ordered a writ of partition to issue, to divide tbe same among tbe beirs at law of tbe said Ann. Tbis is an appeal from tbat decree, on tbe ground tbat tbe want of a seal to tbe magistrate’s certificate of renunciation does not vitiate tbe conveyance of Ann and William Fortune, and that the same was sufficient to convey, and did convey, tbe estate to tbe said Kobert McCreary.
Tbe defendant, in bis answer, setting up title in bimself to tbe land of wbicb partition was sought, admitted tbat tbe certificate of renunciation, by tbe magistrate, bad no seal. Tbis admission tbe Court would not bave beld conclusive upon bim, if it bad appeared to tbe Court tbat there was, in fact, a seal. Admissions by defendants to suits in equity, shall not be beld conclusive against them, where it clearly appears tbat such admissions were contrary to tbe truth, and were made in ignorance or misapprehension of tbe facts of tbe case. Tbis would be contrary to equity, and tbat regard wbicb should be bad for tbe weakness and infirmity of tbe human mind. In such cases, however, tbe onus should lie upon tbe party, clearly to disprove tbe truth of bis own admissions. But, upon an inspection of tbe proceedings in tbis case, it most obviously appears, tbat tbe admissions of tbe defendant are in accordance with tbe fact. Upon tbe certificate of tbe magistrate there is nothing tbat can be distorted into tbe semblance of a seal. Had there been any sign annexed to tbe magistrate’s signature, wbicb tbe Court could bave considered as having been intended by bim for a seal; bad there been a wafer, or tbe word “seal,” or tbe letters “ L. S.” (signifying, in tbe place of a seal), or any other sign or character wbicb tbe magistrate intended to adopt as a seal, or to serve in its place, tbe Court would bave regarded it as a seal, or a sufficient affixing of a seal. But, in tbe absence of a seal, or of anything wbicb might be regarded as such, tbe question is presented to tbe Court, whether a conveyance by *36 a married woman of ber inheritance, unaccompanied by a sealed certificate of ber renunciation by tbe judge or justice wbo took tbe same, is valid in law to pass tbe estate.
At common law, a married woman could not alienate ber real estate. Tbe Act of 1795, 5 Stat. 257, and prior Acts, enabled ber to do so on certain conditions, and after certain forms, very specifically prescribed; a part of wbicb is, that tbe certificate of ber renunciation should be under tbe band and seal of tbe magistrate by whom it is taken. Is it competent for tbe Court to bold, that any part of tbe form may be dispensed with ? If "the seal may be omitted, some other portion of tbe form might, with equal propriety, be omitted.
According to modern usages, there is very little difference between sealed and unsealed instruments, as to solemnity and deliberation. It was not so in those past ages, when these distinctions originated. Then, every one likely to be engaged in transactions requiring such forms bad bis own private seal, with bis device engraved upon it, and tbe affixing of it to an instrument imported solemnity, while tbe preparation of tbe wax, or other plastic material, made tbe act of sealing more, formal and deliberate. But in our day, there is no more of solemnity and deliberation in tbe execution of a sealed than of an unsealed instrument. Tbe addition of a few more words to tbe written part of tbe instrument, tbe letters “ L. S.” (understood to mean locus sigilli), a circumflex with tbe pen, or a scrawl in tbe place where tbe seal is usually placed (wbicb are generally made by tbe scrivener), or any mark or sign, wbicb tbe person executing tbe instrument meant as bis seal, or to adopt as such, is sufficient to stamp upon tbe writing tbe character, and to impart to it all tbe qualities of a sealed instrument. Thus tbe Court has undertaken to decide what is a sufficient seal, but in no case to dispense with one where tbe law requires it. This would be tbe usurpation of a power wbicb belongs to tbe legislative department of tbe government. Tbe age that is past never fails to leave its impress *37 upon the succeeding age. This is one of the laws of human progress. And among a wise people, those ancestral institutions that are found to be deficient in the quality of adaptation to the wants and circumstances of posterior generations, are thrown off gradually and cautiously, without violence or sudden revolution. The distinction between sealed and unsealed instruments is a principle which we have inherited from our fathers. Though this distinction in matter of form is now insignificant, and absurd in some of its applications, it is deeply and extensively ramified in our legal system, and touches many interests. I am persuaded that it would not be wise even for the Legislature to innovate too much upon the subject. The sudden abolition of ail distinction between sealed and unsealed instruments would produce many perturbations, and unsettle many things that are now considered as settled. The gradual action of the Courts would, in the course of time, modify and remove those portions of the law upon this subject, which would be found to be most repugnant to reason, or more inconvenient in operation.
These are speculations, however, which, though not wanting in pertinency, go beyond the matter in hand. The question is, whether the want of the magistrate’s seal, to his certificate of Mrs. Ann Fortune’s renunciation of inheritance, rendered her deed, which she executed jointly with her husband, William Fortune, to Eobert McCreary, null and void. The opinion of this Court is in the affirmative. The deed is void for the want of that part of the form prescribed by the Act. In regard to the land which the deed purported to convey, Ann Fortune died intestate, and the same is subject to distribution among her heirs at law. The Circuit decree, ordering' a partition of the land, is right, and is hereby affirmed and the appeal dismissed.
Johnston, Dunkin and Wardlaw, CC., concurred.

Appeal dismissed.